UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| STX OFFSHORE & SHIPBUILDING CO., ) | |
| LTD. ) | |
| ) | Case No. 16-35248 |
| Debtor in Foreign Main Proceeding ) | |
| ) | |

# DECLARATION OF JANG HO LIM OF BAE, KIM & LEE IN SUPPORT OF CHAPTER 15 VERIFIED PETITION FOR <u>RECOGNITION OF A FOREIGN MAIN PROCEEDING</u>

I, Jang Ho Lim, pursuant to section 1746 of Title 28 of the United States Code, hereby declare under penalty of perjury the following:

1. I am a partner in the Korean law firm, Bae, Kim & Lee LLC ("BKL") with a principal business address of 133 Teheran-ro, Gangnam-gu, Seoul, Republic of Korea.

2. BKL represents STX Offshore & Shipbuilding Co., Ltd., (the "Company") and Mr. Yoon Keun Jang, the court appointed administrator (the "Administrator") of the Company, in the Company's legal proceedings (case number 2016 *hoehap* 100109 Rehabilitation) (the "Korean Bankruptcy Proceeding") under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "DRBA") currently pending before the Republic of Korea's Seoul Central District Court, Third Bankruptcy Division (the "Korean Bankruptcy Court").

3. I obtained a bachelor's degree in law from Seoul National University in 1994. I qualified as a Korean attorney in 1998. I have extensive experience with bankruptcy and corporate restructuring under Korean law as I have been practicing in this area of the law since joining BKL in 2001. I have previously submitted declarations to this Court in support of

Chapter 15 petitions filed concerning Korean rehabilitation proceedings. *See, e.g., In re: Daebo Int'l Shipping Co., Ltd.*, Case No. 15-10616 (MEW) (Bankr. S.D.N.Y. 2015) Dkt. No. 3-3.

4. I was requested by the Company, through the Company's US based counsel, to submit this declaration in support of the Administrator's Chapter 15 Verified Petition for Recognition of a Foreign Main Proceeding.

5. This declaration is comprised of both statements of legal opinion and statements of fact. Where the statements relate to legal opinions, such statements are my opinions regarding Korean law based on my legal education and my many years of experience practicing law in Korea. Where the statements are statements of fact, they are based on either my personal knowledge; and such facts are known to me to be true and correct; or are based on my review of documents and/or information provided to me by, or on behalf, of the Company, the Administrator, the former court-appointed administrator, and/or the Korean Bankruptcy Court; and such facts are true and correct to the best of my knowledge, information and belief.

**The Korean Bankruptcy Proceeding**

6. On May 27, 2016, the Company applied for a commencement of Rehabilitation Procedure under the DRBA which initiated the Korean Bankruptcy Proceeding.

7. On June 7, 2016, the Korean Bankruptcy Court issued its decision commencing rehabilitation proceedings under the DRBA and appointing the then current CEO of the Company, Mr. Byung Mo Lee, as the Company's administrator ("Commencement Order"). A true, correct, and certified copy of the Commencement Order, with an English translation, is attached hereto as **Exhibit "A."**

8. On June 28, 2016, the Korean Bankruptcy Court issued a further order replacing Mr. Byung Mo Lee as the Company's administrator with the current Administrator, Mr. Yoon

Keun Jang. A true and correct copy of this order, with an English translation, is attached hereto as **Exhibit "B."**

9. Upon entry of the Commencement Order, and in accordance with Articles 56(1), 74(3), 74(4) and 640 of the DRBA, Administrator, as custodian of the Company, has power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for Korean bankruptcy purposes and procedures – all under the conditions prescribed by the relevant Korean legislation, subject to the Korean Bankruptcy Court's supervision.

**General Overview of Korean Rehabilitation Law**

10. The DRBA, a consolidated insolvency law, became effective on April 1, 2006. The DRBA repealed four previous Korean insolvency-related laws and consolidated the proceedings thereunder into the following three insolvency regimes: (a) rehabilitation proceedings under Part 2 of the DRBA primarily for the rehabilitation of insolvent business entities; (b) bankruptcy proceedings under Part 3 of the DRBA for the liquidation of insolvent business entities and individuals; and (c) rehabilitation proceedings for individuals under Part 4 of the DRBA.

11. Hence, rehabilitation proceedings are commenced, are governed, and are completed and/or discontinued pursuant to the express provisions of Part 2 of the DRBA.

12. A true and correct copy of an English translation of the DRBA provided by the Korean government on the Ministry of Government Legislation's website[1] is attached hereto as **Exhibit "C."**

**Powers of Administrator**

---

[1] The website can be found at: http://www.moleg.go.kr/english/korLawEng?pstSeq=52645

13. Upon commencement of rehabilitation proceedings, the bankruptcy division of the court ("Rehabilitation Court") appoints an administrator pursuant to Article 74 of the DRBA. The administrator has the power to conduct all of the debtor's business and manage all of its property, subject to the Rehabilitation Court's supervision (Articles 56, 61 and 89 of the DRBA). The administrator administers, subject to the supervision of the Rehabilitation Court, the rehabilitation of the debtor company by typically preparing and implementing the debtor company's rehabilitation plan (Articles 81, 220 and 257 of the DRBA). The administrator is also authorized to do, on behalf of the debtor company, whatever foreign courts permit in foreign insolvency proceedings, which includes acting as a representative of the Korean rehabilitation proceedings in relation to proceedings for recognition by the foreign courts (Article 640 of the DRBA.)

14. When the Rehabilitation Court decides to commence the rehabilitation proceedings, it vests in the administrator the authority to conduct the debtor's business, and manage and dispose of its assets. Article 56(1) of the DRBA provides "when it is decided to commence rehabilitation proceedings, the authority to conduct the debtor's business, and manage and dispose of his/ her assets shall be exclusively vested in the administrator."

15. The foregoing administrator's authority is subject to the Rehabilitation Court's approval, i.e. when the administrator intends to perform his authority he needs to obtain approval from the Rehabilitation Court. Article 61 of the DRBA provides a list of acts which require approval from the Rehabilitation Court:

(i) The act of disposing of any assets;

(ii) The act of acquiring any assets by transfer;

(iii) The act of leasing assets including the borrowing of any funds;

(iv) The act of cancelling or terminating any contract pursuant to the provisions of Article 119;

(v) The act of filing a lawsuit;

(vi) The act of making a compromise or concluding any arbitration agreement;

(vii) The act of relinquishing any rights;

(viii) The act of approving common benefit claims or rights of re-acquisition; and

(ix) Other acts designated by the Rehabilitation Court.

**Stay of Proceedings**

16. Upon commencement of rehabilitation proceedings, enforcement against the debtor company based on a rehabilitation claim, secured or unsecured, will be prohibited from being executed or suspended if has been already executed (Articles 58 (1) (ii) and (2) (ii) of the DRBA).

17. Also, any litigation proceedings related to the debtor company's assets will be suspended pursuant to Article 59 of the DRBA.

**Filing of Claims and Types of Claims**

18. Upon commencement of the rehabilitation proceedings, the administrator will prepare lists of claims held by all creditors (Article 147 of the DRBA). If the claims are correctly specified in these lists, the filing of the proof will not be required. However, if the claims are not specified or are specified incorrectly in such lists, a creditor must file the proof of claims within a designated period of time, and failure to do so may either nullify its claim or fix its claims as specified in the list.

19. Under the DRBA, creditors are classified into three basic categories: (a) creditors with unsecured rehabilitation claims (Article 118 of the DRBA); (b) creditors with secured

rehabilitation claims (Article 141 of the DRBA); and (c) creditors with common benefit claims (Article 179 of the DRBA).

20. Creditors with either secured or unsecured rehabilitation claims are subject to rehabilitation proceedings and generally may not receive payment or repayment of their respective claims (with certain exceptions, including set-off of claims that are exercised within certain periods permitted under the Article 144 of the DRBA) other than as provided for in the rehabilitation plan (Articles 131 and 141(2) of the DRBA).

21. However, creditors with common benefit claims are not subject to the rehabilitation plan, and include, inter alia, those creditors whose claims arose after the commencement of the rehabilitation proceedings with certain exceptions and those creditors whose claims were approved by the Rehabilitation Court during the preservation period (Article 179 and 180 of the DRBA).

22. After filing of claims, the administrator, the debtor and/or the rehabilitation creditors (who have filed claims or have had claims specified by the administrator) are entitled to inspect the existence, context and cause of filed and specified claims within a timeframe set by the Rehabilitation Court (the "Inspection Period") (Article 161 of the DRBA).

23. If the administrator, the debtor, or a rehabilitation creditor does not accept the filing of a claim, the subject creditor must file an application for confirmatory action within one month from the last day of the Inspection Period or from a special inspection date determined by the Rehabilitation Court (Article 170(2) of the DRBA). Once a confirmatory action is filed, the Rehabilitation Court reviews the filing and gives its decision. Any party that objects to the Rehabilitation Court's decision may file an objection within one month from receipt of the

decision, following which the case is moved to the ordinary civil court and is reviewed in accordance with ordinary civil procedure.

24. The first interested parties' meeting is convened mainly to present the administrator's report which will include information on the financial condition of the debtor, its prospects for recovery and the status of the secured and unsecured rehabilitation claims. Alternatively, the Rehabilitation Court may skip the first interested parties' meeting and instead have the administrator distribute its report to the interested parties or hold a short session explaining the results of its findings.

**Rehabilitation Plan and Successful Completion of Rehabilitation**

25. The administrator must prepare and file a rehabilitation plan within the designated period by the Rehabilitation Court, which is within four months from the end of the Inspection Period (Articles 220(1) and 50(1)(iv) of the DRBA). A rehabilitation plan may call for rescheduling of the debtor's debt over a period not exceeding 10 years, except when corporate debentures are issued pursuant to the rehabilitation plan (Article 195 of the DRBA).

26. The second interested parties' meeting is held for the purpose of deliberating on the draft rehabilitation plan, and the third interested parties' meeting is convened to vote on a resolution for approval of the draft rehabilitation plan (Articles 224 and 232 of the DRBA). In the absence of special circumstances, the Rehabilitation Court often holds the second and third meetings on the same date.

27. The draft rehabilitation plan is subject to approval by the requisite amount (rather than number) of each class of shareholders and secured and unsecured rehabilitation creditors. The shareholders, however, do not have voting rights when the total value of the debts of the debtor exceeds the total value of the assets at the time of the issuance of the commencement

order (Article 146(3) of the DRBA). For the adoption of a rehabilitation plan by the interested parties, the rehabilitation plan needs to be approved by creditors constituting three-quarters of the secured rehabilitation claims, two-thirds of unsecured rehabilitation claims, and a majority vote of the shareholders present at the meeting (Article 237 of the DRBA).

28. Once the interested parties have approved a draft rehabilitation plan, it will be submitted to the Rehabilitation Court for approval. In making its determination, the Rehabilitation Court will analyze whether the plan meets all of the legal requirements under the DRBA and is fair to the interested parties (Article 243 of the DRBA). The rehabilitation plan takes immediate effect upon the Rehabilitation Court's approval (Article 246 of the DRBA). Even where the interested parties have not approved the rehabilitation plan, the Rehabilitation Court at its discretion may provide other means for protection and adopt the rehabilitation plan over the objection of some classes of creditor ("Cramdown". Article 244 of the DRBA).

29. Any secured and unsecured rehabilitation claims which are not recognized under the court-approved rehabilitation plan would be irrevocably extinguished even if the rehabilitation proceedings are subsequently terminated or discontinued (Article 251 of the DRBA).

30. In practice, if a debtor company completes the performance of its obligations under the rehabilitation proceedings or the Rehabilitation Court deems that the debtor company will perform its obligations without any problems, the Rehabilitation Court may terminate the rehabilitation proceedings with respect to the debtor company at which point the debtor company will no longer be subject to the rehabilitation proceedings (Article 283 of the DRBA).

**Discontinuation of Rehabilitation**

31. If it becomes apparent, either before or after the Rehabilitation Court approves the rehabilitation plan, that the debtor cannot be rehabilitated, the Rehabilitation Court may, in its sole discretion or upon request by the administrator or a creditor, issue an order to discontinue the rehabilitation proceedings (Articles 286 to 288 of the DRBA). Once the rehabilitation proceedings are discontinued due to the debtor's failure to comply with the rehabilitation plan approved by the Rehabilitation Court, the Rehabilitation Court shall declare the debtor company to be bankrupt and liquidate the debtor company (Article 6(1) of the DRBA).

32. Currently, the Korean Bankruptcy Proceeding, however, remains a rehabilitation action rather than a liquidation.

33. I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Executed in Seoul, Republic of Korea on October 18, 2016

_____
Jang Ho Lim