UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>**STX OFFSHORE & SHIPBUILDING CO., LTD.**<br><br>　　　　Debtor in Foreign Main Proceeding | ) <br> ) **Chapter 15** <br> ) <br> ) <br> ) Case No. 16-35248 <br> ) <br> ) |

### APPLICATION FOR ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING

#### I.　　PRELIMINARY STATEMENT

Mr. Yoon Keun Jang, as the court appointed administrator (the "Petitioner") of STX Offshore & Shipbuilding Co., Ltd., (the "Company") and the foreign representative in the Company's legal proceedings (case number 2016 *hoehap* 100109 Rehabilitation) (the "Korean Bankruptcy Proceeding") under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "DRBA") currently pending before the Republic of Korea's Seoul Central District Court, Third Bankruptcy Division (the "Korean Bankruptcy Court"), respectfully applies to this Court for an order scheduling a hearing on the Administrator's Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding (the "Petition") and requests that the Court specify that notice of such hearing should be provided in the form and manner specified below and in the concurrently filed Proposed Form of Notice.

#### II.　　PROCEDURAL BACKGROUND

1.　　Petitioner has filed on this same day the Petition to commence a proceeding under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code") by filing the Petition along with all supporting documentation required under Chapter 15 of the Bankruptcy Code and

the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Petition seek recognition of, and other relief necessary to aid, a foreign main proceeding, as defined in sections 101(23) and 1502(4) of the Bankruptcy Code, currently pending in the Republic of Korea.

2. On May 27, 2016, the Company applied for a commencement of Rehabilitation Procedure under the DRBA which initiated the Korean Bankruptcy Proceeding.

3. On June 7, 2016, the Korean Bankruptcy Court issued its decision (the "Commencement Order") commencing rehabilitation proceedings under the DRBA and appointing the then current CEO of the Company, Mr. Byung Mo Lee, as the Company's administrator.  This order also prevents any creditor from taking any enforcement, attachment, or other action against the Company's assets.

4. On June 28, 2016, the Korean Bankruptcy Court issued a further order replacing Mr. Byung Mo Lee as the Company's administrator with the current Administrator.

5. Upon entry of the Commencement Order, and in accordance with Articles 74(3), 74(4) and 640 of the DRBA, Petitioner, as custodian and as chief executive officer of the Company, has power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for Korean bankruptcy purposes and procedures – all under the conditions prescribed by the relevant foreign legislation, subject to the Korean Bankruptcy Court's supervision.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to sections 157 and 1334 of Title 28 of the United States Code, sections 109 and 1501 of the Bankruptcy Code.  This is a core proceeding pursuant to section 157(b)(2)(P) of Title 28 of the United States Code.

7. Venue is proper in this District Court pursuant to section 1410 of Title 28 of the United States Code.

### IV. REQUESTED RELIEF AND BASIS FOR SUCH RELIEF

8. The statutory bases for the relief requested herein are Bankruptcy Code sections 105, 1514 and 1515 and Bankruptcy Rules 2002 and 9007.

9. This application (the "Application") requests entry of an order in the form annexed hereto as **Exhibit "A"** (the "Proposed Notice Order"): (i) approving the notice substantially in the form annexed hereto as **Exhibit "B"** (the "Notice") of the filing of the Petition and providing notice of Petitioner's intent to rely on Korean law, namely the DRBA and applicable Korean bankruptcy laws; (ii) setting a hearing on the relief sought in the Petition (the "Recognition Hearing"), and (iii) specifying the form the manner of service of the Notice.

#### A. FORM AND MANNER OF NOTICE

10. Bankruptcy Rule 2002(q)(1) provides that:

> The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding.

Fed. R. Bankr. P. 2002(q)(1).

11. Consistent with the requirements of Bankruptcy Rule 2002(q)(1), Petitioner proposes serving the Notice and Petition on the following (collectively, the "Chapter 15 Notice Parties"): (i) the Company's U.S. creditors; (ii) the Company (and its Korean bankruptcy counsel); and (iii) the Office of the United States Trustee for the Southern District of New York.

- 3 -

12. Bankruptcy Rule 2002(q) provides that the identified parties in interest must receive at least 21 days' notice by mail of the hearing on a Chapter 15 petition for recognition of a foreign proceeding, however, it fails to specify the form and manner in which such notice must be given. Therefore, Bankruptcy Rules 2002(m) and 9007, collectively, provide that the Court shall designate the form and manner in which notices required by the Bankruptcy Rules shall be sent.

13. Petitioner respectfully requests that the Court order that service of (i) the Notice and (ii) the Petition (and all exhibits and declarations attached thereto), shall be made by United States mail, first-class postage prepaid, upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) on or before October 21, 2016.  Petitioner further requests that the Court order that such notice will constitute adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing.

14. Bankruptcy Code section 1514(c) states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filings proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim..." 11 U.S.C. § 1514(c). Section 1514(c) is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (16th ed.) (emphasis added).

15. Petitioner respectfully requests that the Court waive the requirements set forth in Bankruptcy Code section 1514(c) in this instance as inapplicable to this chapter 15 case because

Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code. Moreover, the Company's foreign creditors have an opportunity to participate in the Korean Bankruptcy Proceeding, which can adjudicate the creditors' claims. Petitioner reserves the right to establish a claims adjudication process in this chapter 15 proceeding, should such become necessary, after which he will provide additional notice to domestic creditors of a claims bar date and other relevant deadlines.

### B. SCHEDULING OF RECOGNITION HEARING

16. A petition for recognition of a foreign proceeding shall be decided "at the earliest possible time." *See* Bankruptcy Code section 1517(c). Additionally, Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence a proceeding under chapter 15 of the Bankruptcy Code has 21 days from service to respond to such petition. *See* Bankruptcy Rules 1011(b). Finally, Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days notice of a hearing on a chapter 15 petition. *See* Bankruptcy Rules 2002(q)(1).

17. Petitioner therefore respectfully requests that the Recognition Hearing Date be set on November 14, 2016 - 21 days after service of the Petition and Notice, or as soon thereafter as possible. The Petitioner further requests that the Court order that the Objection Deadline be set on the seventh day prior to the Recognition Hearing Date (i.e., November 7, 2016).

### V. NOTICE

18. Notice of this Application has been provided to the Chapter 15 Notice Parties defined above. Petitioner submits that no other or further notice need be provided.

19. No previous request for the relief requested herein has been made to this or any other court.

## VI. CONCLUSION

20. Petitioner respectfully requests (i) entry of an order in the form of the Proposed Notice Order attached hereto (a) setting a hearing date for the Recognition Hearing, and (b) approving the form of Notice and the manner of service of the Notice and the Petition; and (ii) granting Petitioner such other and further relief as may be just and proper.

Dated: 10/18/16

Respectfully Submitted by
LEE, HONG, DEGERMAN, KANG & WAIMEY
By: _____
Keith H. Fichtelman, *pro hac vice* pending
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Tel: 213.623.2221
Fax: 213.623.2211
Attorneys for the Administrator of
STX Offshore & Shipbuilding Co., Ltd.

Other Counsel for the Administrator of
STX Offshore & Shipbuilding Co., Ltd.:

LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson, *pro hac vice* pending
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Tel: 213.623.2221
Fax: 213.623.2211

GIBBONS P.C.
David N. Crapo (TX Bar No. 05009475)
One Gateway Center
Newark, New Jersey 07102
Tel: 973.596.4505
Fax: 973.639.6278